UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

DARLENE GANTT,
a Citizen and Resident of Georgia,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff DARLENE GANTT, a citizen and resident of the State of Georgia, by and through the undersigned counsel, and files this Complaint against Defendant ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, DARLENE GANTT, is *sui juris* and is a permanent resident and citizen of Georgia.

3. Defendant ROYAL CARIBBEAN CRUISES, LTD. ("RCCL") is a Liberian corporation with its principal place of business in Miami-Dade County, Florida.

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on

diversity of citizenship. Plaintiff is a resident and citizen of Georgia, while Defendant RCCL is a citizen of Florida for jurisdictional purposes, since its principal place of business is in Florida. The damages and injuries suffered by Plaintiff as alleged in Paragraph 16 below support an award of damages in excess of $75,000.00, exclusive of interest and costs.

5. At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

8. Venue is also proper in this district because the Defendant's principal place of business in Miami-Dade County, Florida, is located within this district.

9. The Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and written medical records were prepared onboard the ship.  Furthermore, the Plaintiff gave the Defendant by letter a timely written notice of claim on January 17, 2024, as required by the ticket contract, a copy of which is attached as *Exhibit A*.

**LIABILITY AND DAMAGE ALLEGATIONS**

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other

vessels, the M/S WONDER OF THE SEAS ("WONDER").

11. At all material times, the Defendant operated, managed, maintained and was in exclusive control of the WONDER.

12. At all material times, including the injury date of October 30, 2023, the Plaintiff was a fare paying passenger aboard the WONDER and in that capacity was lawfully present aboard the vessel.

13. On October 30, 2023, Plaintiff was embarking the WONDER on its gangway when she slipped on an unreasonably wet, and/or transitory substance and fell. There were no wet floor signs in the area at the time of the Plaintiff's fall. The unreasonably wet, slippery, slick hazardous and/or dangerous nature of the gangway surface posed a slipping hazard, but not one that was apparent to reasonable passengers approaching the area such as the Plaintiff, since the wet and slippery condition of the gangway surface was not conspicuous or visible to casual inspection by a reasonable passenger not focused on inspecting the gangway surface.

14. The subject area constituted a dangerous condition for reasons that include, but are not limited to:

   a. The subject area contained a wet, slippery and/or unreasonably slippery foreign substance which made the gangway surface slippery and/or unreasonably slippery when so contaminated;

   b. Defendant failed to place signs and/or warnings and/or anti-slip mats in or around the subject area, which could have reasonably communicated to Plaintiff the foreign substance on the gangway surface, outlined above, and/or the unreasonably slippery nature of the flooring surface on the gangway.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624 Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905 www.injuryattorneyfla.com

15. At all material times prior to October 30, 2023, RCCL had actual and/or constructive notice of repeated safety issues giving rise to a propensity for slips and falls on similar gangways and gangway floor surfaces as those onboard the WONDER as well as fleetwide, from prior incidents, including, without limitation, the following incidents:

    a. On August 6, 2023, M. P., a passenger onboard the M/S WONDER OF THE SEAS, slipped and fell on the unreasonably wet and/or slippery gangway surface. (*Paulsen v. RCCL*, Case No. 1:24-cv-22978) This is the same vessel that the Plaintiff was onboard when she slipped and fell.

    b. On December 26, 2022, M.L., a passenger onboard the M/S VISION OF THE SEAS slipped and fell on an unreasonably wet and/or slippery gangway surface. (*Losada V. RCCL*, Case No. 1:23-cv-24640).

16. As a direct and proximate result of Plaintiff's slip and fall incident on the gangway of the WONDER as described above, the Plaintiff was injured in and about her body and extremities, including sustaining a torn right rotator cuff requiring surgical repair. She furthermore sustained mental anguish, disfigurement, disability, aggravation or activation of preexisting conditions, and the inability to lead a normal life, and incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries, the future medical damages being reasonably certain to occur. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE
**(Direct Liability)**

17. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624 Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905 www.injuryattorneyfla.com

18. At all material times Defendant RCCL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, which included a duty to maintain the gangway surfaces on its vessel WONDER in a reasonably safe condition for passengers walking thereon, including the Plaintiff.

19. At all material times, and in particular on the injury date of October 30, 2023, there existed a hazardous condition on the gangway floor surface on the WONDER as described in Paragraph 13 above.

20. At all material times, the hazardous condition referred to in Paragraph 13 above was in a high traffic area, specifically a gangway regularly utilized as a walkway by individuals attempting to ingress and egress the vessel.

21. At all material times, the hazardous condition referenced in Paragraph 13 above had existed for a long enough period of time before Plaintiff encountered it that RCCL should have detected and corrected it, so that RCCL had constructive knowledge of its presence and of the hazard it posed.

22. At all material times, Defendant additionally had actual or constructive notice of the hazardous condition referenced in Paragraph 13 above for the reasons alleged in Paragraph 15 above.

23. Notwithstanding the actual or constructive knowledge of RCCL as alleged above, RCCL failed adequately to maintain the walking surface of the gangway where Plaintiff fell before she slipped and fell as alleged in Paragraph 13 above.

24. RCCL's specific negligent acts or omissions regarding maintenance of the gangway on the WONDER consist of one or more of the following:

    a. Failing adequately to maintain the subject area in a reasonably safe manner;

  b. Failing to maintain a non-slid walking surface in the subject area;

  c. Failing to maintain the subject gangway surface with a reasonable coefficient of friction to ensure it was not unreasonably slippery and/or slick;

  d. Failing to maintain the gangway surface in a reasonably safe condition if or when the subject area floor became slippery, including, but not limited to, closing off the subject area that was dangerously slippery, and/or placing signage to warn passengers of hazardous areas;

  e. Failing to maintain anti-slip/slip-resistance material, mats and/or anti-slip/slip-resistance tape on the subject gangway surface;

  f. Failing adequately and reasonably to maintain the subject area so that there were sufficient visual cues to alert passengers to potential slipping hazard;

  g. Failing adequately to inspect and monitor the subject area so that it could be used in a reasonably safe manner, free of dangerous and defective condition(s); and/or

  h. Failing adequately and reasonably to correct a hazardous condition about which the Defendant knew or should have known.

25. As a direct and proximate result of one or more of the negligent acts or omissions by RCCL alleged above, Plaintiff, DARLENE GANTT, slipped and fell as alleged in Paragraph 13 above and as a direct and proximate result has sustained and will continue to sustain in the future the damages alleged in Paragraph 16 above.

  **WHEREFORE,** Plaintiff demands judgment against Defendant RCCL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

6

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624 Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905 www.injuryattorneyfla.com

## COUNT II - NEGLIGENT FAILURE TO WARN
**(Direct Liability)**

26. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.

27. At all material times, the Defendant RCCL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, which included a duty to warn of conditions on the walking surfaces of the WONDER actually or constructively known to it, that posed a slipping hazard to passengers walking thereon such as the Plaintiff.

28. At all material times, and in particular on the injury date of October 30, 2023, there existed a hazardous condition on the gangway floor surface on the WONDER as described in Paragraph 13 above.

29. At all material times, the hazardous condition referred to in the preceding paragraph was in a high traffic area, regularly traversed by large numbers of passengers and crew members attempting to ingress and egress the vessel.

30. At all material times, the hazardous condition referenced in Paragraph 13 above had existed for a long enough period of time so that RCCL should have detected and warned of it, so that RCCL had constructive knowledge of its presence and of the hazard it posed.

31. At all material times, Defendant additionally had actual or constructive notice of the hazardous condition referenced in Paragraph 13 above for the reasons alleged in Paragraph 15 above.

32. At all material times, the hazardous condition referenced in Paragraph 13 above was not open or obvious to Plaintiff or to a reasonable passenger in the Plaintiff's circumstances, for the reasons explained in Paragraph 13 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624 Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905 www.injuryattorneyfla.com

33. On or about October 30, 2023, Defendant and/or its agents, and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

   a. Failing to warn the Plaintiff of the unreasonably wet, slippery, slick, hazardous and/or dangerous condition of the gangway walking surface in the subject area; and/or

   b. Failing adequately to warn the Plaintiff of the poorly maintained gangway walking surface; and/or

   c. Failing to warn the Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, slick, and/or hazardous nature of the gangway walking surface, including but not limited to hazardous co-efficiency of friction in light of the slippery, slick and/or hazardous condition of the gangway flooring surface; and/or

   d. Failing to warn the Plaintiff of other slip and fall accidents previously occurring in same area, same gangway and/or same gangway walking surface type; and/or

   e. Failing to warn the Plaintiff that Defendant did not have proper procedures in place to adequately inspect and monitor the area to detect and correct hazardous conditions such as unreasonably wet, slippery, and/or slick gangway walking surfaces;

   f. Failing adequately to warn the Plaintiff of the hazard(s) posed to her, due to improper and inadequate, maintenance and/or inspection of the subject area;

   g. Failing adequately to warn the Plaintiff of the lack of promulgated and/or enforced policies and procedures concerning the maintenance and/or inspection of the subject area; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624 Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905 www.injuryattorneyfla.com

    h. Failing adequately to warn passengers and the Plaintiff of other slip and fall accidents previously occurring in the same manner, area, and/or same gangway walking surface.

34. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred had Defendant, its agents, and/or employees adequately warned and/or communicated the foregoing to Plaintiff.

35. Notwithstanding the actual or constructive knowledge of RCCL as alleged above, RCCL at all material times before the Plaintiff slipped and fell as alleged in Paragraph 13 above failed adequately to warn passengers, including the Plaintiff, of the dangerous condition referenced in Paragraph 13 above, through adequate signage or markings, orally delivered or written warnings, cordoning off the dangerous area, or otherwise, and was thereby negligent.

36. As a direct and proximate result of RCCL's negligent failure to warn as alleged above, Plaintiff, DARLENE GANTT, slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue to sustain in the future the damages alleged in Paragraph 16 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant RCCL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT III – GENERAL NEGLIGENCE

37. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.

38. At all material times it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624 Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905 www.injuryattorneyfla.com

39. On or about October 30, 2023, Defendant and/or its agents, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

40. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, and/or employees as follows:

   a. Failing to provide the Plaintiff with reasonable care under the circumstances, including a safe place to walk free of slipping hazards;

   b. Failing to ensure the subject area was free of dangerous and defective conditions(s), including slipping hazards(s);

   c. Failing adequately to test the coefficient of friction and slip resistance of the subject flooring surface before opening it up to passengers (like Plaintiff);

   d. Failing to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of slippery, slick, hazardous and/or dangerous conditions;

   e. Failing to promulgate and/or enforce adequate policies and procedures to ensure that warning signs are placed on or around slippery, slick, hazardous and/or dangerous areas and/or that such slippery, slick, hazardous and/or dangerous areas are closed off;

   f. Failing to close off and/or post warnings during cleaning operations;

   g. Failing to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff;

   h. Failing to analyze prior slip-and-fall accidents aboard Defendant's vessels occurring in the same area and/or type of gangway flooring surface so as to remedy such hazardous conditions;

   i. Failing to correct hazardous conditions following other slip and fall accidents in the same area and/or type of gangway flooring surface;

   j. Failing to select, adopt, approve and/ or utilize reasonably safe flooring on the subject gangway, and/or retrofit flooring, surface in light of the anticipated traffic and anticipated purpose of the area; and/or

   k. Failing to test and/or adequately evaluate gangway flooring surface in light of the anticipated traffic and anticipated purpose of the area.

41. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

42. At all material times, the Defendant knew of the foregoing dangerous conditions (as set forth in Paragraph 13) causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject gangway and/or through prior incident(s) involving same and/or similar falls, as well as for the reasons alleged in Paragraph 15 above.

43. As a direct and proximate result of one or more of the negligent acts or omissions by RCCL alleged above, Plaintiff, DARLENE GANTT, slipped and fell as alleged in Paragraph 13 above and as a direct and proximate result has sustained and will continue to sustain in the future the damages alleged in Paragraph 16 above.

**WHEREFORE**, Plaintiff demands judgment against Defendant, RCCL, for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated this 11th day of February, 2025.

> **s/Philip M. Gerson**
> PHILIP M. GERSON
> Florida Bar No. 127290
> pgerson@gslawusa.com
> NICHOLAS I. GERSON
> Florida Bar No. 0020899
> ngerson@gslawusa.com
> EDWARD S. SCHWARTZ
> Florida Bar No. 346721
> eschwartz@gslawusa.com
> DAVID MARKEL
> Florida Bar No. 78306
> dmarkel@gslawusa.com
> NICHOLAS M. PLYMALE
> Florida Bar No. 1057884
> nplymale@gslawusa.com
> GERSON & SCHWARTZ, P.A.
> Attorneys for Plaintiff
> 1980 Coral Way
> Miami, FL 33145-2624
> Telephone: (305) 371-6000
> Facsimile: (305) 371-5749